PROSKAUER ROSE LLP
Lloyd B. Chinn (LBC-7953)
1585 Broadway
New York, NY 10036-8299
Telephone: 212.969.3000
Fax: 212.969.2900
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| FRANCOIS MARLAND | 08 Civ. 3751 (LAK) (DCF) |
| | **ECF CASE** |
| Plaintiff, | |
| against | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(2)** |
| MATTHEW HEYSEL, and | |
| BIG SKY ENERGY CORPORATION, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2), Defendants Matthew Heysel ("Heysel") and Big Sky Energy Corporation ("Big Sky"), by their counsel Proskauer Rose LLP, hereby move this Court for an order dismissing Plaintiff's Complaint (the "Complaint") for lack of subject matter jurisdiction, or alternatively, to dismiss the Complaint as against Matthew Heysel, for lack of personal jurisdiction.

## S<small>UMMARY OF</small> A<small>RGUMENT</small>

Plaintiff Francois Marland (a French citizen who resides in Switzerland) brought this action alleging a violation of the Securities Exchange Act, 15 U.S.C. 78, *et. seq.*, (the "Act") against Matthew Heysel (a Canadian citizen who resides in Dubai, United Arab Emirates) and Big Sky

Energy Corporation (a Nevada corporation with no operations in the United States). Plaintiff alleges that he learned "inside" information about Big Sky during a *single* conversation that occurred in Dubai, United Arab Emirates, on June 11, 2006. As a result, Plaintiff claims to have suffered damages because he was prevented from selling his shares of Big Sky after receiving this "inside" information.

### A.   Lack of Subject Matter Jurisdiction

This Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Plaintiff's allegations are very simple. Plaintiff claims that he learned "inside information" regarding the activities of Big Sky through a conversation in which Heysel participated that occurred in Dubai on June 11, 2006. Plaintiff does *not* allege any other statement or omission by Defendants that gives rise to liability in this case. In other words, Plaintiff's *singular factual allegation* can be summarized as follows: **(1)** Plaintiff, a foreign national residing in Switzerland, claims that **(2)** Heysel, a Canadian citizen residing in Dubai, **(3)** had a conversation in a Dubai hotel (with someone other than Plaintiff) that **(4)** caused Plaintiff *not* to sell his shares of Big Sky. Plaintiff's Complaint otherwise fails to plead a single fact giving rise to liability or damages that occurred in the United States, was caused by a U.S. citizen or resident, or injured a U.S. citizen or resident. Plaintiff's entire claim involves persons and activities that have no relationship to the United States. Under well-established Second Circuit case law, Plaintiff's Complaint should be dismissed in its entirety under FRCP 12(b)(1) because it alleges no "effect" or "conduct" that has any nexus to the United States.

### B.   Lack of Personal Jurisdiction over Heysel

Alternatively, Plaintiff cannot establish that this Court can exercise personal jurisdiction over Heysel. Under the Act, personal jurisdiction is established over a person upon a showing of

"minimum contacts" by the defendant with the United States. But, in this case, Heysel has no such contact with the United States. Heysel is a Canadian citizen who has, for all times relevant in this matter, resided in Dubai in the United Arab Emirates. Furthermore, Heysel has never been a citizen or resident of the United States. Lastly, none of the facts alleged by Plaintiff show any contact by Heysel with the United States that relate to any of Plaintiff's claims. As such, Plaintiff's claims against Heysel should be dismissed for lack of personal jurisdiction.

It is very clear under Second Circuit law that Plaintiff failed to allege facts that, if proven, would establish that this Court has subject matter jurisdiction for the Complaint, or personal jurisdiction over Heysel. Accordingly, Plaintiffs' Complaint should be dismissed in its entirety under FRCP 12(b)(1) or, alternatively, Heysel should be dismissed under FRCP 12(b)(2).

## ARGUMENT

Plaintiff Francois Marland brought this action alleging damages under the Securities Exchange Act against the Defendants. Although it does not do so explicitly, the Complaint invokes federal question jurisdiction pursuant to Section 27 of the Securities Exchange Act of 1934. As set forth below, Plaintiff has failed to establish that this Court has subject matter jurisdiction over the allegations made in the Complaint or, alternatively, that the Court may exercise personal jurisdiction over Heysel. Each argument is addressed below *seriatim*.

### A.    Plaintiff's Complaint Should be Dismissed in its Entirety for Lack of Subject Matter Jurisdiction

Plaintiff is required to prove subject matter jurisdiction by making a *prima facie* showing of jurisdiction in the allegations of the Complaint. *See Robinson v. Overseas Military Sales Corp.*, 21 F. 3d 502, 507 (2d Cir. 1994) (citation omitted). In that regard, courts will not draw any inferences

in favor of the plaintiff in making that threshold jurisdictional showing. *London v. Polishook*, 189 F.3d 196, 199 (2d Cir. 1999). This means that a plaintiff must "proffer the necessary factual predicate – not just an allegation in a complaint – to support jurisdiction." *Id.* In this case, Plaintiff has utterly failed to offer any factual basis for subject matter jurisdiction.

The Second Circuit has developed a substantial body of case law for "[t]he exercise of subject matter jurisdiction over the claims of foreign plaintiffs regarding conduct related to foreign securities transactions." *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 346, 367 (S.D.N.Y. 2005) (Marrero, J.) (citing *SEC v. Berger*, 322 F.3d 187, 192 (2d Cir. 2003)). In these cases, a court "may consider the merits of these claims and apply the antifraud provisions of American securities laws if it finds evidence in the pleadings and other relevant motion papers demonstrating sufficient wrongful conduct within the United States, or substantial adverse effects on United States investors in or American markets for the securities at issue, relating to the foreign securities transactions challenged by the foreign claimants." *Id.* at 367-68 (citations omitted).[1] To conduct this inquiry, the Second Circuit has outlined two separate jurisdictional tests known as the "effect" and "conduct" tests. *In re Rhodia S.A. Sec. Litig.*, 531 F. Supp. 2d 527, 538 (S.D.N.Y. 2007) (Batts, J.) (citing *Itoba Ltd. v. LEP Group PLC*, 54 F.3d 118, 121 (2d Cir. 1995)).[2]

1. **Plaintiff Cannot Satisfy the "Conduct" Test**

---

[1] This careful inquiry is based upon Congress' goal to limit the use of "'the precious resources of United States courts' to a specific transnational securities fraud claim." *In re Rhodia S.A. Sec. Litig.*, 531 F. Supp. 2d 527, 538 (S.D.N.Y. 2007) (citing *Itoba Ltd. v. LEP Group PLC*, 54 F.3d 118, 121 (2d Cir. 1995)).

[2] "The conduct and effects tests do not have to be applied separately or distinctly." *E.ON AG v. Acciona, S.A.*, 468 F.Supp.2d 537, 547 (S.D.N.Y 2006). Rather, "an admixture or combination of the two often gives a better picture of whether there is sufficient United States involvement to justify the exercise of jurisdiction by an American court." *Id.* (citing *Itoba Ltd. v. LEP Group PLC*, 54 F.3d 118, 121 (2d Cir. 1995)).

In explaining the conduct test, the Second Circuit has held that "jurisdiction exists only when substantial acts in furtherance of the fraud were committed within the United States." *E.ON AG v. Acciona, S.A.*, 468 F. Supp. 2d 537, 547 (S.D.N.Y. 2006) (Cote, J.) (citing *S.E.C. v. Berger*, 322 F.3d 187, 192 (2d Cir. 2003)). As such, "the test is met whenever (1) the defendants' activities in the United States were more than merely preparatory to a securities fraud conducted elsewhere and (2) the activities or culpable failures to act within the United States directly caused the claimed losses." *Id.* The conduct test is focused on "the nature of conduct in the United States as it relates to carrying out the alleged fraudulent scheme." *Lobatto v. Berney*, 1999 WL 672994 at *3 (S.D.N.Y. Aug, 26, 1999) (Kram, J.) (citations omitted). Judge Cote recently summarized case law within the Second Circuit by outlining the type of activity that would satisfy the conduct test as follows:

> Conduct may be "more than merely preparatory," however, where "the fraudulent scheme was masterminded and implemented by [the defendant] in the United States," *Berger*, 322 F.3d at 194, "conduct material to the completion of the fraud occurred in the United States," *Alfadda*, 935 F.2d at 478 (citation omitted), where "substantial acts in furtherance of the fraud were committed in the United States," *Berger*, 322 F.3d at 193 (citation omitted), where the "culminating acts of the fraudulent scheme" occurred in the United States, *Psimenos*, 722 F.2d at 1044, or where the U.S. conduct was "an essential link" in the fraud, *Leasco*, 468 F.2d at 1335 (citation omitted).

*In re SCOR Holding (Switzerland) AG Litig.*, 537 F. Supp. 2d 556, 563 (S.D.N.Y. 2008) (Cote, J.); *see also In re Yukos Oil Co. Sec. Litig.*, 2006 WL 3026024 at *10 (S.D.N.Y. Oct. 25, 2006) (Pauley, J.) (dismissing plaintiff's claims under the conduct test where "[a]ll of Defendants' alleged misstatements emanated from abroad").

In the present case, Plaintiff has not alleged a single fact that suggests that any of the acts or omissions by Defendants occurred in the United States. Rather, Plaintiff claims that a single

conversation that occurred in a hotel in Dubai in 2006 provides the basis for subject matter jurisdiction in the United States. This is grossly insufficient and fails to establish jurisdiction under the conduct test. None of the actions allegedly performed by Defendants occurred in the United States. This single act alleged by Plaintiff occurred abroad. As such, Plaintiff cannot satisfy the conduct test for subject matter jurisdiction.

### 2.    Plaintiff Cannot Satisfy the "Effects" Test

The "effects" test focuses on the impact of overseas activity on U.S. investors and securities traded on U.S. securities exchanges. *See Europe & Overseas Comm. Traders, S.A. v. Banque Paribas*, 147 F.3d 118, 128 (2d Cir. 1998). Under the effects test, a federal court has subject matter jurisdiction if the defendant's conduct has had a "substantial" impact in the United States. *Lobatto v. Berney*, 1999 WL 672994 at *3 (S.D.N.Y. Aug, 26, 1999) (Kram, J.) (citing *Alfadda v. Fenn*, 935 F.2d 475, 478 (2d Cir.), *cert. denied*, 502 U.S. 1005, 112 S. Ct. 638, 116 L.Ed.2d 656 (1991)). The effects test "concerns the impact of overseas activity on U.S. investors." *Banque Paribas*, 147 F.3d at 128. Subject matter jurisdiction is appropriate where there are alleged "losses from sales of securities to Americans residents in the United States whether or not acts (or culpable failures to act) of material importance occurred in this country." *Lobatto*, 1999 WL 672994 at *3 (citing *Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974, 992 (2d Cir. 1975)). Residence in the United States, not American nationality, is the focus of the test. *Banque Paribas*, 147 F.3d at 128 n.12.

Once again, Plaintiff has failed to plead any facts that establish subject matter jurisdiction under the effects test. Plaintiff admits that he is neither a U.S. citizen, nor a U.S. resident. *See* Complaint ¶ 3. Plaintiff, a foreign national living in Geneva, Switzerland, alleges only that a single overseas conversation (which occurred in Dubai), and to which he was not a party, caused him to

retain his shares of Big Sky and suffer a loss. *Id.* ¶¶ 11-15. Furthermore, the Complaint contains no allegations of harm to any investor or person residing in the United States. Plaintiffs' claims have no nexus to activity, investors or markets within the United States. Rather, this is simply a case in which a non-U.S. resident is seeking to use U.S. courts and resources to litigate an event that allegedly occurred in a foreign nation between foreign nationals. This case presents precisely the type of claim for which Congress did not want U.S. courts to waste their valuable resources because it has no meaningful connection to U.S. residents, investors or markets. *Cf. In re Rhodia S.A. Sec. Litig.*, 531 F. Supp. 2d 527, 538 (S.D.N.Y. 2007) (Batts, J.) (citing *Itoba Ltd. v. LEP Group PLC*, 54 F.3d 118, 121 (2d Cir. 1995)). In sum, the Complaint is woefully deficient and fails to establish subject matter jurisdiction under the effects test. Because Plaintiff cannot establish subject matter jurisdiction, the Complaint should be dismissed pursuant to FRCP 12(b)(1) in its entirety.

    **B.**    **Plaintiff's Complaint Should Be Dismissed Against Heysel Because Heysel Is Not Subject to Personal Jurisdiction**

When jurisdiction is premised on a statute, such as the Act, which provides for nationwide service of process, the court's inquiry focuses on the defendant's conduct within the entire United States, not just the forum state. *Herbstein v. Bruetman*, 768 F. Supp. 79, 81 (S.D.N.Y. 1991). But due process nevertheless requires that the defendant have minimum contacts with the United States to establish personal jurisdiction. *Eskofot v. E.I. Du Pont*, 872 F. Supp. 81, 87 (S.D.N.Y. 1995). The minimum contacts analysis examines whether or not "the exercise of personal jurisdiction would offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Asahi Metal Industries Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S. Ct. 1026, 94 L.Ed.2d 92)). For personal jurisdiction to comport with due process, (1) the defendant must have "minimum contacts"

with the forum, and (2) the exercise of personal jurisdiction must be reasonable. *In re Astrazeneca Sec. Litig.,* 2008 WL 2332325 at *12 (S.D.N.Y. June 3, 2008) (Griesa, J.) (citing *Metro Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 567 (2d Cir. 1996)). There are two types of personal jurisdiction in the minimum contact analysis: "One is general jurisdiction, which exists if the defendant's contacts with the forum have been continuous and systematic." *Id.* Alternatively, a plaintiff may seek to establish "specific jurisdiction, which exists when a defendant has purposefully directed his activities toward the forum and the litigation arises out of or is related to the defendant's contact with the forum." *Id.*

The *Astrazeneca* case provides an illustrative analysis for the case before this Court. In *Astrazeneca*, the plaintiffs sought to name as defendants two individuals who served of the Board of Directors for the defendant Astrazeneca. *In re Astrazeneca Sec. Litig.,* 2008 WL 2332325 at *12. Both of the individual directors were foreign nationals who did not reside in the United States. *Id.* The plaintiffs alleged, however, that the individuals had traveled to the United States in the course of their duties as directors for Astrazeneca. *Id.* at *13. The plaintiffs also added several "conclusory" allegations that the individuals had "participated in the fraud" made the basis of the plaintiffs' complaint (which was allegedly related to the sale of one of Astrazeneca's drugs). *Id.* The court, however, found these allegations wholly insufficient to establish personal jurisdiction. *Id.* In conducing its analysis, the court noted that the complaint contained no allegations sufficient to support "general jurisdiction" – *i.e.* that the directors had "continuous and systematic" contact with the United States. *Id.* at *12. Accordingly, the court turned to whether "specific" jurisdiction could be asserted over the individuals. *Id.* at *13. In that regard, the court found that the individuals' travel to the United States as directors for Astrazeneca was not related to the specific "fraud"

identified in the complaint. *Id.* Furthermore, the court noted that a person's mere status as a member of the board of directors "is not alone sufficient to establish jurisdiction." *Id.* (citing *In re Alstom SA Sec. Litig.,* 406 F. Supp. 2d 346, 400 (S.D.N.Y. 2005)). The *Astrazeneca* court then noted that the plaintiffs failed to allege that the individuals engaged in any conduct *in the United States* related to the specific "fraud" identified in the complaint. *Id.* Accordingly, the court dismissed the claims against the individual directors for lack of personal jurisdiction. *Id.*

In the present case, Plaintiff's allegations related to Heysel suffer from an even greater paucity of contacts with the United States. Although Plaintiff alleges that Heysel serves on the Board of Directors of Big Sky, Plaintiff has pled *no* facts that otherwise establish either general or specific jurisdiction over him. Plaintiff fails to allege facts that, if proven, would establish that Heysel has "continuous and systematic" contact with the United States. And, indeed, as demonstrated by his Declaration, Heysel has no significant contact with the United States. *See* Heysel Dec. 2-5. Furthermore, Plaintiff has not claimed that the alleged "fraud" – the conversation that occurred in Dubai – has any nexus to the United States, or that Heysel engaged in contact with the United States as part of that alleged "fraud." Plaintiff makes no allegations that connect Heysel with the United States, or show activity by Heysel in the United States, related to the alleged "fraud." In sum, Plaintiff's Complaint fails to allege that Heysel is subject to general or specific jurisdiction in the United States under the Act. Accordingly, Plaintiff's claims against Heysel should be dismissed for lack of personal jurisdiction.

## CONCLUSION

BASED ON THE FOREGOING, Defendants Big Sky Energy Corporation and Matthew Heysel respectfully request that this Court dismiss Plaintiff Francois Marland's Complaint for lack of

subject matter jurisdiction or, alternatively, dismiss all of the claims against Matthew Heysel for lack of personal jurisdiction.

Dated: New York, New York
       June 18, 2008

                                        Respectfully submitted,

                                        PROSKAUER ROSE LLP

                                        By: /s/ Lloyd B. Chinn
                                            Lloyd B. Chinn (LBC-7953)

                                        1585 Broadway
                                        New York, NY 10036-8299
                                        212-969-3341
                                        Attorneys for Defendants
                                        Matthew Heysel, and
                                        Big Sky Energy Corporation