UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FRANCOIS MARLAND,

                Plaintiff,

      -against-                                                                          08 Civ. 3751 (LAK)

MATTHEW HEYSEL and BIG SKY ENERGY
CORPORATION,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

        Appearances:

               Andrew W. Hayes
               HAYES & MALONEY LLP
               *Attorneys for Plaintiff*

               Lloyd B. Chinn
               PROSKAUER ROSE LLP
               *Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

        This is an action by a Frenchman against a Canadian for an alleged securities fraud in Dubai. I dismissed the original complaint with leave to replead on the ground that the federal securities law claims failed to allege a basis for subject matter jurisdiction and to state a claim upon which relief may be granted.[1] The matter again is before the Court, this time on defendants' motion to dismiss the

---

[1]     *Marland v. Heysel,* No. 08 Civ. 3751 (LAK), 2008 WL 2704318 (S.D.N.Y. July 10, 2008).

amended complaint on the same grounds or, alternatively, to dismiss it as to Heysel for lack of personal jurisdiction. I assume familiarity with the prior opinion and, in view of the fact that the amended complaint makes only a handful of changes in the allegations of its predecessor, see no reason to set out the facts again save insofar as plaintiff has added new allegations or belatedly focused on old ones.

Plaintiffs rely on three new arguments, which are grounded principally on new or elaborated allegations in the amended complaint, in support of subject matter jurisdiction or the sufficiency of the federal securities law claims:

- Big Sky shares have been sold to other investors in the United States.[2]

- Big Sky's SEC filings were prepared and made in the United States. Its Form 8-K, filed June 14, 2006, "essentially repeats the statements [allegedly] made by defendant Heysel" to Piero Ventura in Dubai.[3]

- Plaintiff, in reliance on Heysel's alleged statements to Ventura, decided to purchase an additional 250,000 shares of Big Sky stock the following week and "purchased [them] through the Pink Sheets" which are published by a company headquartered in New York. The trades were cleared by E*TRADE Clearing LLC, based in New York.[4]

None of these new allegations or arguments warrants a different result than I reached previously.

---

[2] Am. Cpt. ¶¶9-15.

[3] Id. ¶¶ 15-17.

[4] Id. ¶ 23.

As an initial matter, *Bersch v. Drexel Firestone, Inc.*,[5] made clear that the federal securities laws do not extend to predominantly foreign transactions and articulated the governing rule. The test is "(1) whether the wrongful conduct occurred in the United States, and (2) whether the wrongful conduct had a substantial effect in the United States or upon United States citizens."[6]

Plaintiff's reference to the SEC filings and, in particular, to the June 14, 2006 Form 8-K are a none too subtle effort to change the focus. The wrongful conduct alleged in both the original and amended complaints is Heysel's alleged oral misrepresentation to Ventura in a Dubai hotel room on June 11, 2006. That misrepresentation, if it occurred, was made in a foreign country to a foreigner who then repeated it to still another foreigner. And while the "essential repetition" of the alleged Heysel oral misrepresentation in an 8-K filed in the United States three days later, assuming that occurred, may well have been wrongful conduct here, that is not the wrong for which this plaintiff seeks relief. As Judge Friendly wrote in *Bersch,* "there is subject matter jurisdiction of fraudulent acts relating to securities which are committed abroad only when these result in injury to purchasers or sellers of those securities in whom the United States has an interest."[7] Plaintiff, a foreigner, is not in that category. The alleged wrongful conduct therefore does not satisfy the conduct prong of the *Bersch* test. Nor has plaintiff alleged any facts that would permit an inference that it had "a substantial effect in the United States or upon United States citizens."

The foregoing demonstrates also that the allegation that Big Sky's SEC filings in general,

---

[5] 519 F.2d 974 (2d Cir. 1975).

[6] *SEC v. Berger,* 322 F.3d 187, 192 (2d Cir. 2003).

[7] *Bersch,* 519 F.2d at 989.

and the 8-K in particular, were prepared and filed in the United States warrants no different conclusion. If those filings were false, and if American investors relied upon them to their detriment, those American investors can sue. Indeed, any foreign investors who did so might have a claim under the federal securities laws with subject matter jurisdiction grounded on the conduct test. But I need not decide that now, as plaintiff's purchase preceded the filing of the 8-K by three days, and he does not claim to have relied on any of Big Sky's SEC filings.

Finally, plaintiff's contentions that he made his 250,000 share purchase "through the Pink Sheets" and that the trade eventually cleared through a New York-based company does not avail him. The Pink Sheets are a publication, not a U.S. securities exchange. The meaning of "through the Pink Sheets" is obscure.[8] There certainly is no allegation that plaintiff bought those shares in the United States. And the fact, if it be such, that the trade ultimately cleared through New York is immaterial, as the clearing of the transaction was not wrongful conduct and had no substantial effect here.

Accordingly, defendants' motion to dismiss the amended complaint [docket item 21] is granted in all respects. The Clerk shall enter judgment and close the case.

SO ORDERED.

Dated: September 19, 2008

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[8] It is plaintiff's burden to "proffer the necessary factual predicate – not simply an allegation in a complaint – to support jurisdiction." *London v. Polishook,* 189 F.3d 196, 199 (2d Cir. 1999).